NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50402 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00261-RGK |
| v. | |
| MIGUEL MAGANA, a.k.a. Face, a.k.a. Michael Magana, a.k.a. Tun Tun, a.k.a. W, a.k.a. Wicked, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted July 10, 2018**

Before:     CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Miguel Magana appeals from the district court's judgment and challenges

the aggregate 144-month sentence imposed following his guilty-plea convictions

for conspiracy to possess with intent to distribute and to distribute

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

methamphetamine, in violation of 21 U.S.C. § 846; distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); and two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Magana's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record.  We have provided Magana the opportunity to file a pro se supplemental brief.  No pro se supplemental brief or answering brief has been filed.

Magana waived his right to appeal most aspects of his sentence.  Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable issue as to the validity of the waiver.  *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009).  We accordingly dismiss Magana's appeal as to those aspects of his sentence that are covered by the waiver and affirm as to all other issues except as to the three supervised release conditions, standard conditions five, six, and fourteen, which are unconstitutionally vague. *See United States v. Evans*, 883 F.3d 1154, 1162-64 (9th Cir. 2018); *see also Watson*, 582 F.3d at 977 (an appeal waiver does not bar a constitutional challenge to a supervised release condition).  We remand for the district court to modify these conditions consistent with our opinion in *Evans*.

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED in part; DISMISSED in part; REMANDED with instructions.**